# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                                      **Case No. 18-mj-30320**

**v.**                                   **Hon. Gershwin A. Drain**

**JOEL JIMENEZ-LOPEZ,**

    **Defendant.**

_____/

## OPINION AND ORDER AFFIRMING DECISION GRANTING BOND

### I. INTRODUCTION

On June 7, 2018, a criminal complaint was filed against Defendant charging him with violating 8 U.S.C. § 1326(a), or for illegally reentering the United States after being denied admission or removed from the United States. On June 12, 2018, the Defendant appeared before Magistrate Judge Anthony Patti, who determined that there were conditions that will reasonably assure Defendant's appearance at future court proceedings.

Presently before the Court is the Government's appeal of Magistrate Judge Patti's decision granting Defendant bond. A hearing on the Government's Appeal

was held on June 14, 2018. For the reasons that follow, the Court will AFFIRM Magistrate Judge Patti's decision granting bond.

## II. FACTUAL BACKGROUND

Defendant is a citizen of Mexico. Defendant is forty-one years old, bilingual, and has resided in the Eastern District of Michigan for the past twelve years, reentering the United States via the Arizona desert in 2006. He has lived in Lincoln Park, Michigan for the past eight years, where he owns his home, as well as at least two other rental properties. He has been married to a United States citizen for three years, and they have two children, one of which was born premature a few days ago, and the other child is two years old and requires frequent medical attention.

Defendant previously worked as a laborer at ACS Asphalt in Belleville, Michigan from 2007 through 2016.[1] For the past two years, Defendant has been self-employed as a handyman. Defendant has no history of drug or alcohol abuse or of assaultive behavior. Defendant has no criminal history other than for misdemeanor illegal entry in 2003, which is discussed *infra*.

Defendant has entered the United States on at least five occasions without being admitted, inspected or paroled by an Immigration Officer. On July 5, 1997,

---

[1] At the hearing, the Government asserted that it had been unable to verify Defendant's employment with this company; however the Court does not find that this conclusively establishes that Defendant did not work as a laborer for this business.

Defendant was encountered by an Immigration Inspector at the San Ysidro, California Port of Entry and was removed on July 7, 1997. An Immigration Inspector again encountered Defendant on May 9, 1998, and he was removed on the same date. Defendant was interviewed by an Immigration Inspector, who prepared a statement of the interview, which Defendant read, or had read to him, and signed as a true and accurate depiction of the exchange. See Gov.'s Ex. 3 at pg 3. When the Inspector asked the Defendant how he had obtained a B1/B2 Visa if he was subject to a five-year ban, Defendant admitted to lying to the American Consulate in Guadalajara in order to obtain a B1/B2 Visa.

On August 24, 2001, Defendant was found by Border Patrol at or near El Paso. He provided the agents with a false name and false date of birth. He was granted voluntary return and returned to Mexico on the same date. The next day, he was again found by Border Patrol and used another false name and false date of birth. He was likewise granted a voluntary return and returned to Mexico on the same date.

On May 27, 2003, Defendant was charged with illegal entry in violation of 8 U.S.C. § 1325 in the United States District Court for the Western District of Texas. The next day, he was convicted of the charges and sentenced to time served and removed from the United States on June 2, 2003.

On May 15, 2018, upon receiving a tip, Border Patrol agents stopped Defendant's car. Defendant freely admitted to being in the United States illegally and that he had been previously removed. He had no false identification on his person and was arrested without incident. Immigration and Customs Enforcement has placed a detainer on Defendant pursuant to 8 U.S.C. §§1357, 1225, 1226, and 1231.

At the detention hearing on June 12, 2018, Magistrate Judge Patti imposed the following conditions to ensure Defendant's future appearances in this matter including: a curfew of 8:00 a.m. to 7:00 p.m., no possession of firearms, no use of illicit drugs, surrender of international travel documents, preclusion from obtaining any new international travel documents, restricted travel to the Eastern District of Michigan, report as directed by pretrial services, and lastly, use of an electronic monitoring device to be selected by pretrial services.

### III. LAW & ANALYSIS

#### A. The Bail Reform Act

Title 18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. It is a *de novo* hearing. *U.S. v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "The default position of the law. . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *see also United States v. Salerno*, 481

U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).[2]

In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

---

[2] Under § 3142 of the Bail Reform Act, there are numerous offenses for which a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the district court finds that there is probable cause to believe that the defendant committed that particular offense. 18 U.S.C. § 3142(e)(3). Both parties agree that this is not a rebuttable presumption case.

Before addressing the §3142(g) factors, the Court notes that the Government does not seek detention based on the safety of the community and concedes that Defendant's pretrial release poses no danger to the community. Rather, the Government asserts that there is no condition or combination of conditions that will reasonably assure Defendant's appearance at future proceedings.

B.  **Nature and Characteristics of the Charged Offense**

Defendant is charged with illegal reentry after removal. If convicted, his likely guideline range will be zero to six months incarceration. None of the circumstances before this Court show that a presumption in favor of detention is warranted. Defendant has not been charged with a crime of violence, there is no minor victim or controlled substances involved in the charged offense. Moreover, the Government has not indicated that any violence was involved in Defendant's reentry in 2006. This factor favors release pending trial.

C.  **The Weight of the Evidence**

The second factor looks to the weight of the evidence suggesting a defendant's dangerousness or risk of flight, as opposed to the weight of the evidence supporting guilt. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).

Here, the weight of the evidence tips slightly in favor of the Government. Defendant has a history of reentering the United States after removal, and on at

least two of these occasions, he used a false name and date of birth. However, his use of a false name and false date of birth occurred roughly seventeen years ago and there is no evidence that he has used a false name or date of birth since that time. Similarly, the Government's reliance on a twenty year old sworn statement wherein Defendant admitted to lying at the American Consulate in Guadalajara in order to obtain a B1/B2 visa occurred twenty years ago.

However, when Defendant was arrested on the instant charge, he freely admitted his immigration status, provided Border Patrol agents with his real name and was not found to have false identification on his person.

Lastly, the Court notes that pretrial services' recommendation for detention based on the ICE detainer or Defendant's immigration status is only a factor to be considered under the BRA, however it appears well settled that it should not be the sole basis for ordering detention. *See United States v. Barrera-Omana*, 638 F. Supp.2d 1108, 1111 (D. Minn. 2009); *United States v. Montoya-Vasquez*, No. 4:08-CR-3174, 2009 U.S. Dist. LEXIS 2148 (D. Neb. Jan. 13, 2009); *United States v. Remboa-Renteria*, No. 07-mj-399, 2007 U.S Dist. LEXIS 73792 (D. Minn. Oct. 2, 2007).

Moreover, other courts have declined to consider immigration status at all when evaluating release pending trial under § 3142. *See United States v. Marinez-Patino*, No. 11-CR-064, 2011 U.S. Dist. LEXIS 26234 (N.D. Ill. Mar. 14, 2011)

(concluding that "the likelihood of defendant's deportation is not among the Section 3142(g) factors that the Court may consider."); *United States v. Adomako*, 150 F. Supp.2d 1302, 1304 (M.D. Fla. 2001) (concluding that Congress expressly instructed district courts not to look at removal when determining propriety of pretrial release); *United States v. Trujillo-Alvarez*, 900 F. Supp.2d 1167, 1174 (D. Or. 2012) ("In fact, 18 U.S.C. § 3142(g) expressly lists the factors that a court should consider when determining whether a particular defendant should be released pending trial, and alien status is not a listed factor.").

Accordingly, this factor weighs slightly in favor of the Government.

**D.     History and Characteristics of the Defendant**

This factor includes consideration of family ties, financial resources, length of residence in the community, past conduct, criminal history and alcohol abuse. 18 U.S.C. § 3142(g)(3)(A). Defendant is forty-one years old. He is bilingual. He has strong family ties to the Eastern District of Michigan, where he has resided for the past twelve years. He lives in Lincoln Park with his wife, who is a United States citizen. They have two small children, a two-year old and a newborn. His two year old child requires frequent medical attention and his newborn was born premature. These circumstances suggest that Defendant will remain in this district in order to help with the care of his young children.

Defendant owns a home and rental properties as well. He has also worked as a handyman for the past two years and prior to self-employment, he worked as a laborer for an asphalt company for ten years. As such, he has engaged in steady, gainful employment while in this district. Moreover, because part of his source of income stems from his rental properties, thus it is likely that he will stay in the Lincoln Park area in order to maintain this source of income.

Defendant has no criminal history, save for one misdemeanor conviction for illegal entry. He has no history of drug or alcohol abuse and no history of any type of assaultive behavior. While he has used fictious names and dates of birth in the past, and lied in order to obtain a B1/B2 Visa, this conduct occurred roughly two decades ago, and there is no evidence before the Court that he has engaged in similar conduct since the two or three instances identified by the Government.

The Government relies heavily on *United States v. Sedano-Garcia*, No. 13-20166, 2013 U.S. Dist. LEXIS 49467 (E.D. Mich. Apr. 5, 2013), however the Court finds that this case is actually more favorable to the Defendant. In *Sedano-Garcia*, the Government likewise sought to detain the defendant who was charged with illegal reentry. Id. at *1. After a detention hearing, the defendant as released on bond and the government filed an appeal. Id. at *6. The district judge affirmed the magistrate judge's decision for pretrial release. *Id.* at *6-8. The district judge noted, similar to the facts herein, that Sedano-Garcia had had no contacts with the

law and when he was arrested, he had no false identification, which "would have tipped the scale . . . in favor of detention." *Id.* at *8.

Thereafter, the Government uncovered new evidence that Sedano-Garcia had used a false Permanent Resident card and a false Social Security card on his I-9 employment form to obtain a job and the government moved to revoke his bond. *Id.* at *7. Based on this new evidence of preparing fraudulent immigration documents, a different district judge determined that continued pretrial release was not warranted and revoked Sedano-Garcia's bond. Additionally, unlike Sedano-Garcia, whose only family ties were minimal with a brother and sister-in-law residing in this district, the Defendant before this Court has stronger family ties; a wife, along with her family members, as well as two small children, one being less than a week old. This circumstance sets Defendant apart from Sedano-Garcia's rather weak family ties in the community.

This factor weighs in favor of the Defendant.

**E.	The Nature and Seriousness of the Danger Posed by Defendant's Release**

There is no evidence that there is any danger should Defendant be released prior to trial. The Government conceded this point at the detention hearing before Magistrate Judge Patti, as well as during the hearing on its appeal. This factor weighs in favor of the Defendant.

## IV. CONCLUSION

For the reasons articulated above, Magistrate Judge Anthony Patti's decision granting bond is AFFIRMED. The conditions imposed by Judge Patti shall remain in effect during the duration of Defendant's pretrial release.

SO ORDERED.

Dated: June 14, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 14, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk